## Kimberley v. Penix.

(Decided June 14, 1929.)

WOODS, STEWART, NICKELL & SMOOT for appellant.

MONT WALKER for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

The appellee, R. B. Penix, doing business as the Hamilton Motor Company, brought this suit on a promissory note which he alleged the appellant had executed, and the pertinent parts of which as originally written read:

*$380.00.*                    *Ashland,* Ky. *Jan. 30, 1926.*

"For value received I promise to pay to the order
of *Hamilton Motor Company*
*three hundred and eighty* dollars *($380.00)*
in installments, viz.
*thirty-eight* dollars *($38.00)* on the *30* day of *Jan.*
*30,* 1926.
*thirty-eight* dollars *($38.00)* on the *30* day of each month thereafter, until the entire sum is paid."

So much of the above excerpt as is italicized is written with enk, the rest being the printed part of the form. When filed with the petition as an exhibit the note had written in pencil the word "Feb." over the words "Jan.

30'' where they appear on the line reading ''$38.00 on the 30 day of Jan. 30, 1926.'' In his answer the appellant after traversing some of the allegations of the petition affirmatively averred that the change from ''Jan. 30'' to ''Feb.'' as above noted had been made after he executed and delivered the note and without his knowledge or consent, and that the alteration thus made was a material one which avoided the note. The appellee moved the court to strike from the answer of the appellant this affirmative matter. This the court did. The appellant thereupon declined to plead further, and on a submission of the case on the pleadings the court entered judgment for the appellee in the sum prayed. From that judgment a motion is now made for an appeal.

Section 3720b-124 of the Statutes, a part of our Negotiable Instrument Law, provides: ''Where a negotiable instrument is materially altered without the assent of all parties liable thereon, it is avoided, except as against a party who has himself made, authorized or assented to the alteration and subsequent endorsers.''

By section 3720b-125 of the Statutes, and also part of the Negotiable Instrument Law, a material alteration is defined inter alia as any alteration which changes the time or place of payment. These provisions are also a part of the Uniform Negotiable Instrument Act, and it is settled that under that law any alteration in the maturity of a note whereby the time of payment is thereby curtailed or extended is a material one. Brannan's Negotiable Instrument Law (4th Ed. by Chafee) p. 806. This principle underlies the case of the First National Bank of Ft. Worth, Texas, v. Payne, 42 S. W. 736, 11 Ky. Law Rep. 839. In that case the maturity of the note sued upon was without the knowledge or consent of the maker altered after its execution and delivery by changing it from December 1, 1892, to January 1, 1893. We held that, if the date of the maturity of the note was changed as claimed by the maker, he was entitled to a verdict discharging him from liability upon the note. Under these authorities it cannot be doubted that the change from ''Jan. 30'' to ''Feb.'' was a material alteration, in that it postponed the maturity of the various installments on the note by one month. This being true, the court should have overruled the motion of the appellee to strike this affirmative matter from the answer.

Other grounds are urged for reversal of this case, but, inasmuch as the appellee may wish to reply to the

affirmative defense of the appellant and these other grounds now urged for a reversal may not be involved in the case when the pleadings are finally made up they are not here passed upon.

The motion for an appeal is therefore sustained, and the judgment is reversed for proceedings consistent with this opinion.